# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

_ROBERT WIRTZ, JR.,_
Plaintiff

**FILED**

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

vs.

_SHERIFF VIC REGALADO, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, TULSA COUNTY BOARD OF COUNTY COMMISSIONERS, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, DOCTOR WILLIAM COOPER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, TURN KEY HEALTH CLINICS, INDIVIDUALLY AND OFFICIALLY,_
Defendant(s)

Case Number: ~~17-CV-0197-CVE-TLW~~
(To be supplied by Court Clerk)

_UNKNOWN CLASSIFICATIONS OFFICER #1, INDIVIDUALLY AND OFFICIALLY, AND ROY HERMAN IN HIS INDIVIDUAL AND OFFICIAL CAPACITY._

**18 CV 599 JHP - FHM**

| Current Location (including Address) of Confinement: ~~Howard Macleod Correctional Center 19803 E. Whipporwill Lane Atoka, OK 74525~~ _ROBERT WIRTZ, JR NO. 198927 DCCC 129 CONNER ROAD HOMINY, OK 74035_ | Prisoner Number: _198927_  **FILED**  NOV 19 2018  Mark C. McCartt, Clerk U.S. DISTRICT COURT |
| --- | --- |

**AMENDED CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983**

A.   **Parties**

1) _ROBERT WIRTZ, JR_ is a citizen of _OKLAHOMA_ who presently resides at
    (Plaintiff)                                              (State)
_DCCC 129 CONNER Rd. HOMINY, OK 74035_
~~HMCC 19803 E. WHIPPORWILL LN. ATOKA, OK 74525~~
(Mailing address or place of confinement)

2) Defendant _SHERIFF VIC REGALADO_ is a citizen of _TULSA, OKLAHOMA_.
    (Name of first defendant)                              (City, State)
and is employed as _SHERIFF OF TULSA COUNTY_.
                  (Position and title, if any)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law?  ☑Yes  ☐No
If your answer is yes, briefly explain: _HE IS THE SHERIFF AND HEAD OF THE JAIL. (SEE PG. 6, PARA. 3 INFRA)._

3) Defendant _TULSA COUNTY BOARD OF COUNTY COMMISSIONERS_ is a citizen of _TULSA OKLAHOMA_.
    (Name of second defendant)                              (City, State)
and is employed as _THE BOARD OF COUNTY COMMISSIONERS_.
                  (Position and title, if any)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law?  ☑Yes  ☐No
If your answer is yes, briefly explain: _(SEE PG. 9, PARA 9 INFRA)_

*[You may attach one additional page (8 ½" x 11") to furnish the above information for additional defendants.]*

FOR INFORMATION ON ADDITIONAL DEFENDANTS, SEE
PG. 10 PARA 10 (DOCTOR WILLIAM COOPER), PG. 13, PARA. 16
**B.** **Jurisdiction** (TURN KEY HEALTH CLINIC), PG. 14 PARA 17 (UNKNOWN CLASSIFICATIONS
OFFICER #1) AND PG. 14, PARA. 18 (ROY HERMAN).

1) Jurisdiction is asserted pursuant to: (Check one)

☑ 42 U.S.C. §1983 (applies to state prisoners)

☐ Bivens v Six Unknown Named Agents of Fed. Bureau of Narcotics
403 U.S. 388 (1971) and 28 U.S.C. §1331 (applies to fed. prisoners)

2) Jurisdiction also is invoked pursuant to 28 U.S.C. §1343(a)(3).  (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

SEE ATTACHED, ESP. PG. 5, PARA. 1.

**C.** **Nature of Case**

1) Briefly state the background of your case.   SEE ATTACHED, PGS. 5-15
PRISONER'S RIGHTS, DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL
NEEDS AND OTHER VIOLATIONS OF CONSTITUTIONAL MAGNITUDE.

**D.** **Cause of Action**

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: *[If necessary, you may attach up to two additional pages (8½" x 11") to explain any allegation or to list additional supporting facts.]*

a)   (1) Count I:  DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL
NEED   a) FALL DUE TO INDIFFERENT PLACEMENT ON TOP
BUNK  B) DENIAL OF PAIN MEDICATIONS.  C) DENIAL OF PRESCRIBED
TREATMENT
(2) Supporting Facts:  (Include all facts you consider important, including names of persons involved, places and dates.  Describe exactly how each defendant is involved.  State the facts clearly in your own words without citing legal authority or argument.)

( SEE ATTACHED, PG. 5-14 )

b)   (1) Count II:   RETALIATION FOR SEEKING LEGAL REDRESS.
SOLITARY CONFINEMENT PLACEMENT FOR GRIEVANCES ( SEE
PG. 8, PARA 6-7, PG. 11, PARA 12 & PG. 12, PARA 13).

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

_( SEE 1d. )_

c)  (1) Count III: _AMERICANS WITH DISABILITIES ACT VIOLATIONS 42 USCA §2132_

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

_SEE PG. 11, PARA 12_

_COUNT IV. HIPAA VIOLATIONS AND OTHER PRIVACY/ CONFIDENTIALITY VIOLATIONS (SEE PG. 12 PARA. 15), COUNT V. VIOLATION OF ACCESS TO COURTS AND TO REDRESS GRIEVANCES VIA MAIL TAMPERING. (SEE PG. 14, PARA 18)._

**E.    Request for Relief**

1)  I believe that I am entitled to the following relief: _JURY TRIAL AND DAMAGES IN EXCESS OF ONE MILLION DOLLARS_

_____          _____
Original Signature of Attorney (if any)             Original Signature of Plaintiff

_PLEASE SEE ATTACHED PAGES 5-15 FOR COMPLAINT FACTS AND CLAIMS._

_____
_____
Attorney's full address and telephone number

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares (or certifies, verifies, or states) under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained therein is true and correct.  28 U.S.C. §1746. 18 U.S.C. §1621.

Executed at  <u>DCCC HOMINY, OK</u>  on  <u>AUGUST 9, 2017</u>.

<u>HMCC ATOKA OK</u>  (Location)   (Date)

<u>NOVEMBER 14, 2018</u>

_____
(Original Signature of Plaintiff)

_____
Nov. 14, 2018

## SUMMARY OF COMPLAINT

1.  This complaint is based on the fact that Plaintiff[1] was housed at David L. Moss Criminal Justice Center (DLMCJC) from October 30, 2016 until March 11, 2017 and during that period was subjected multiple violations of the 1st 4th, 5th, 11th and 14th Amendments to the United States Constitution, Article II, § 7 and § 9 of the Oklahoma Constitution, the Americans with Disabilities Act, 42 USCA § 2132, HIPAA, 42 USC § 1320d and numerous state law and Administrative Codes violations. Plaintiff respectfully invokes this Court's supplemental jurisdiction over the state law matters raised in this complaint pursuant to 28 USC § 1367(a) as they are intrinsically related to the constitutional claims. All Defendants are being sued in their Official and individual capacities.

## PRELIMINARY STATEMENT

2.  After this Plaintiff was subjected to the abhorrent treatment (listed in detail below) of first being injured as a result of deliberate indifference to a serious medical need (by being forced to a top bunk when he was medically restricted and then falling and reinjuring his spine) and was then denied effective pain management for months (to the point of partial paralysis and loss of bladder control from pain) and was then retaliated against and placed into solitary confinement - denied all programs, services and activities allowed other prisoners and forced to eat on the floor like a dog for months - Plaintiff began researching the history of constitutional violations of the David L. Moss Criminal Justice Center (DLMCJC) and, considering what he was suffering, was not so surprised. It is now well known that the unconstitutional systemic deficiencies within the medical department of the DLMCJC have existed for many years. Nurses employed within this department have admitted that there is a "prevailing attitude of indifference to inmates' medical needs" among the jail staff, and numerous deaths have occurred as a result of this indifference. Inmates have committed suicide and juvenile inmates have been raped by *jail staff*. Nurses have admitted to falsifying documents at the direction of the Sheriff in an attempt to pass audits and to cover for

---

[1] Plaintiff was a pretrial detainee from October 29, 2016 to May 1, 2017 and was transferred ten days later on May 11, 2017. His cruel and unusual punishment claims are therefore brought under the protections of the 14th Amendment, save for the last ten days, where the 8th Amendment applies. For the sake of this complaint, Plaintiff refers to the 14th Amendment and its state counterpart.

unanswered medical requests that resulted in death. Nurses have even been caught having sex with inmates in the medical unit. Numerous Audits by the Department of Homeland Security's Civil Rights and Civil Liberties Division, the Oklahoma State Department of Health and other entities have disclosed the broad and long-standing systemic deficiencies, time and time again. See Birdwell v. Glanz, 314 F.R.D. 521, No. 15-CV-304-TCK-PJC Order of September 4, 2015; Fischer v. Glanz, 2016 WL 1175239, No. 14-CV-678-TCK-PJC, Order of March 24, 2016; Sanders v. Glanz, 138 F. Supp. 3d 1248, No. 14-CV-569-JED-FHM, Order of September 30, 2015 and Revilla v. Glanz . No. 13-CV-315-JED-TLW,  Burke v. Glanz, 2016 WL 3951364, No. 11-CV-720-JED-PJC, Order of July 20, 2016, Cox v. Glanz, 800 F.3d 1231 (10th Cir. 2015), Poore v. Glanz, 2012 WL 728199 No. 11-CV-0797-CVE-TLW, Order of March 12, 2012 and Shaver v. Glanz, 2012 WL 3061498, No. 12-CV-0234-CVE-PJC, Order of July 26, 2012 to name but a few of the cases. It is from within this surreal netherworld of inhumanity that Plaintiff was subjected to the constitutional violations subject to this complaint.

## I. DEFENDANT REGALADO

3.  **Deliberate indifference to serious medical need, top bunk placement on December 22, 2016. Supervisory capacity.** Defendant Regalado is the Sheriff of Tulsa County and is directly responsible for the policies, practices and customs of the DLMCJC. As such, he has a duty to be aware of the numerous reports, audits and lawsuits that have repeatedly exposed the myriad constitutional violations existing in his jail, including the deficient medical department and attitude of indifference by staff. Yet, at all times relevant to this complaint, Regalado took no steps to halt the ever-growing violations. Defendant Regalado is responsible for continuing and maintaining the policies, practices and customs wherein his subordinates were allowed and even encouraged to violate Plaintiff's constitutional rights through retaliation for seeking redress and to be deliberately indifferent to Plaintiff's serious medical needs. Defendant Regalado's lack of proper oversight and outright indifference fostered a system wherein Plaintiff, who had a bottom bunk medical restriction as of November 18, 2016, was forced on to a top bunk by Regalado's subordinate, Classifications Officer #1, on December 22, 2016. Plaintiff's protests and requests to be moved to a bottom bunk for three days were ignored by all staff as a result of the systemic indifference promulgated and controlled by Regalado. This placement was deliberately indifferent to Plaintiff's serious medical need and resulted in the fall and injury to Plaintiff discussed in further detail below.

4. **Personal Knowledge**. Defendant Regalado also had personal knowledge of Plaintiff's serious medical need. When Plaintiff was admitted into the jail on October 29, 2016, Plaintiff advised the admitting nurse that he has spinal stenosis that he was prescribed Fyntenol 100 microgram patches for pain. No effective pain medication was given but Plaintiff was later given a bottom bunk restriction on November 18, 2017. Plaintiff met Defendant Regalado in the medical unit in late November of 2016 and informed him of his medical condition, including his need for effective pain management and his bottom bunk restriction. Plaintiff then wrote Regalado on December 6, 2016 (and February 1, 2017 and February 15, 2017). In each of these communications, Plaintiff requested that Defendant Regalado intervene to see that Plaintiff's serious medical needs were met, including effective pain management pursuant to 63 O.S. § 2-551 (Appropriate Pain Management ) and Oklahoma Admin. Code 435: 10-7-11. These requests went unanswered. Defendant Regalado's deliberate indifference to plaintiff's serious medical need and systemic deficiencies resulted in plaintiff's being placed in a top bunk on December 22, 2016 resulting in a fall and injury to plaintiff's spine on December 24, 2016. This fall and injury resulted in severe pain and suffering to Plaintiff (including a week stay in Hillcrest Hospital with IV pain medications) in contravention of the 14th Amendment to the United States Constitution and Article II, §7 and § 9 of the Oklahoma Constitution.

5. **Deliberate indifference to a serious medical need, denial of effective pain management from December 29, 2016 to March 6, 2017**. Sheriff Regalado is also responsible for the deliberate indifference to plaintiff's serious medical need in that when plaintiff was returned from the hospital on December 29, 2016, although the Hillcrest Doctors had ordered pain medications and follow up consultations with a pain management specialist and neurosurgeon, Plaintiff was not provided pain management for over two months.[2] Regalado had personal knowledge of plaintiff's serious medical needs or should have had such knowledge from Plaintiff's numerous letters and grievances regarding this matter directed to Regalado. This denial was also part and parcel of the systemic indifference knowingly and openly practiced by Defendant Regalado. This denial of pain

---

[2] Defendant Cooper finally relented and prescribed morphine sulphate on March 6, 2017 only after Plaintiff wrote numerous grievances and complaints to Defendant Regalado, Turn Key Health and the Medical Board, referencing §63 O.S. 2-551, Oklahoma Admin. Code 435: 10-7-11 (Where Oklahoma states: "The Board has recognized that principles of quality medical practice dictate that the people of the State of Oklahoma have access to appropriate and effective pain relief"). This was over two months after plaintiff was returned from Hillcrest hospital with orders for pain relief. In that two months, Plaintiff suffered such extreme pain that he lost control of his bladder and had partial paralysis on over a dozen occasions, in addition to being in intolerable pain on a daily basis.

management and deliberate indifference to a serious medical need caused plaintiff extreme pain and suffering for months in contravention of the 14th Amendment to the United States Constitution and Article II, § 7 and § 9 of the Oklahoma Constitution.

6. **Retaliation by placement in solitary confinement for grievances and violations of American's with Disabilities Act from March 6, 2017 through May 11, 2017.** Sheriff Regalado is also responsible for the retaliatory placement of Plaintiff in solitary confinement in the medical unit from March 6, 2017 to May 11, 2017 without due process of law[3] where Plaintiff was forced to eat on the floor, was limited to only 3 showers per week, was denied access to Church and religious programs, law library, sunlight, recreation, television and all other programs, activities and services allowed other inmates. Defendant Regalado had personal knowledge of this placement of Plaintiff, or should have had such knowledge, from Plaintiff's numerous – almost daily- letters and grievances from solitary confinement pleading for the retaliation stop, yet he allowed the retaliation and violations to continue for months (until Plaintiff was transferred to prison).   These violations were part and parcel of Regalado's system of deliberate indifference and retaliation for seeking redress for grievances. Additionally, as the head of the jail, Regalado had a duty to be aware of the placement and treatment of Plaintiff.   These act were in contravention of the Americans with Disabilities Act, 42 USCA § 2132, the 1st 5th, 11th and 14th Amendments to the United States Constitution and Article II, § 7 and § 9 of the Oklahoma Constitution.

7. **Retaliation in placement in dry/camera cell for two weeks.**   Defendant Regalado is also responsible for the systemic indifference that allowed his subordinates to retaliate against plaintiff (discussed in further detail below) and place him in a dry/camera cell from April 1 to April 13, 2017 that had no running water and where bright lights were left on 24 hours a day.   Not only was plaintiff forced to eat on the floor in this cell, but he was also forced to beg staff for drinking water through the crack in the bottom of the cell door and for the staff to flush his toilet, which they often refused.   Plaintiff was unable to wash properly after using the bathroom and before eating, subjecting Plaintiff to tortuous and inhumane treatment in contravention of the 14th amendment to the United States Constitution and Article II, § 7 and 9 of the Oklahoma Constitution.

---

[3] As mandated by Wolff v. McDonnell a USSCT watershed case that established that prisoners cannot be punished with solitary confinement without due process of law.

8. **HIPAA violations, breach of doctor-patient privilege and privacy violations.** Defendant Regalado is also responsible for maintaining a policy and procedure whereby Plaintiff's private medical records are disseminated to nonmedical Sheriff personnel in contravention of HIPAA, 42 USC § 1320d and for breaching the physician-patient privilege provided Plaintiff by 12 O.S. § 385(6) and 12 O.S. § 2503, (doctor-patient privilege) and 43A Okl. St. Ann. § 1-109(A) (3) (Which prohibits the disclosure of this confidential information without Plaintiff's consent). During his numerous encounters with the medical records custodian, Kathy Pingleton, she advised Plaintiff that **all** of Plaintiff's medical grievances are not maintained by her office pursuant to jail policy and procedure. Rather, these records are maintained by nonmedical staff in violation of HIPAA and the state laws cited. In addition to this Court having supplemental jurisdiction over the state laws, this wrongful dissemination of plaintiff's private medical information is a clear violation of Plaintiff federally protected HIPAA rights and the 1st, 5th, 11th and 14th Amendment rights to due process of law and 4th Amendment privacy rights. It is also cruel and unusual to have personal information disseminated wrongfully and Defendant Regalado's policy wrongfully breaches Plaintiff's doctor-patient privilege.

## II. DEFENDANT TULSA COUNTY BOARD OF COUNTY COMMISSIONERS

9. Defendant Tulsa County Board of County Commissioners is as responsible as Defendant Regalado for knowingly maintaining and fostering a long-standing policy, practice and procedure wherein inmates' constitutional rights are openly violated. The Board is responsible for funding and maintaining the jail in accordance with constitutional standards, and has long known that the policies, practices and procedures in the jail include deliberate indifference to inmates' serious medical needs, retaliation for seeking redress for grievances, and other atrocities. The Board has also known for many years — from the numerous lawsuits and reports, including probationary periods for the jail's deficiencies - that the medical department at the jail has failed audits and been found unconstitutional repeatedly but have taken no affirmative or effective measures to remedy the matter. Additionally, Plaintiff personally notified the Board of his medical condition and requested their intervention on January 30, 2017, February 1, 2017 (When he notified them of his tort claim for the fall) and March 13, 2017 but received absolutely no response or assistance. Because the conditions within the jail are longstanding and have been known by the Board who have taken no measures to remedy them, they are liable for the violations of Plaintiff's

Constitutional rights under the 1st, 5th and 14th Amendments to the United States Constitution and Article II, § 7 and § 9 of the Oklahoma Constitution and the Americans with Disabilities Act, 42 USCA § 2132. The Board is as responsible as Defendant Regalado for all of the Constitutional violations listed herein.

### III. DEFENDANT DOCTOR WILLIAM COOPER

10. **Deliberate indifference to serious medical need in deprivation of effective pain medications from December 29, 2016 until March 6, 2017.** Defendant, Doctor William Cooper was the Medical Director at the jail and was directly responsible for plaintiff's medical care. He is also responsible for implementing the policies, practices and regulations within the medical department. After Plaintiff's return from the Hospital on December 29, 2016, Plaintiff immediately asked Defendant Cooper to provide adequate pain management in accordance with the standard of care and orders from the Hillcrest doctors. Defendant Cooper refused and Plaintiff began filing medical requests and grievances on a nearly daily basis. In these requests, Plaintiff explained that the pain was so extreme that Plaintiff was losing the feeling in his legs and groin and had lost control of his bladder on numerous occasions. Defendant Cooper answered several of the grievances not in writing, but by summoning Plaintiff to his office and verbally ordering Plaintiff to stop filing grievances. He also advised Plaintiff repeatedly that he would not prescribe what the other Doctors had ordered no matter how bad the pain was. Plaintiff persisted in his written complaints, driven by the pain and fear of paralysis, and on March 6, 2017 Defendant Cooper finally relented (after Plaintiff advised that he intended to file a medical board complaint). Again Cooper summoned Plaintiff to his office and asked Plaintiff if he would stop filing grievances if he would prescribe Morphine to effectively control the pain. Plaintiff would not agree and in response, Defendant Cooper placed Defendant in the medical unit in solitary confinement (an independent claim of retaliation brought below). This denial of pain medication caused Plaintiff extreme suffering for over two months, to the point of partial paralysis and loss of bladder control on several occasions, and amounts to cruel and unusual punishment through deliberate indifference to a serious medical need in violation Plaintiff's Constitutional rights under the 14th Amendment to the United States Constitution and Article II, § 7 and § 9 of the Oklahoma Constitution. See also, 59 O.S. § 509 (19) ("Failure to provide necessary and ongoing medical treatment when a doctor-patient relationship has been established"). See also, Oklahoma Admin. Code, 435:10-7-11 and 63 O.S. § 2-551.

10

11. **Denial of prescribed medical care, physical and massage therapy**. Defendant Cooper is also responsible for denying plaintiff physical therapy. In late March, 2017, Plaintiff visited a neurosurgeon who ordered bi-weekly physical therapy and massage therapy. Dr. Cooper never provided either. This amounts to deliberate indifference to a serious medical need in violation Plaintiff's Constitutional rights under the 14th Amendment to the United States Constitution and Article II, § 7 and § 9 of the Oklahoma Constitution. See also 59 O.S. § 509 (19) (Failure to provide necessary ongoing medical treatment when a doctor-patient relationship has been established).

12. **Retaliation, placement in solitary confinement and ADA violations**. Defendant Cooper is also responsible for retaliating against plaintiff and locking him in solitary confinement. Throughout the period from the return from the hospital on December 29, 2016 until adequate pain medication was prescribed on March 6, 2017, Plaintiff submitted numerous written grievances and medical requests complaining about Dr. Cooper's deliberate indifference to Plaintiff's serious medical needs. Plaintiff also sent letters to the Medical Board and to Dr. Cooper's employers - Sheriff Regalado and Turn Key Health Clinics- complaining about Defendant Cooper's unprofessional conduct and refusal to meet the standard of care, and copied these letters to Dr. Cooper. In direct response, Dr. Cooper placed Plaintiff in solitary confinement in the medical unit on March 6, 2017, where Plaintiff remained until he was transferred to prison on May 11, 2017. Within this cell Plaintiff was subjected to cruel and unusual punishment in myriad ways. Plaintiff was locked in a cell 24 hours a day and allowed out only to shower 3 times per week for 15 minutes. Plaintiff was also forced to eat on the floor, as the cells are no equipped with a table or chair. Although Plaintiff repeatedly requested a chair and table to eat on in numerous grievances, Dr. Cooper flatly refused, stating that it was not a medical necessity. Plaintiff was also denied access to sunlight, recreation, law library, church and religious programs, television and all other services, programs and activities allowed all other inmates. Although plaintiff repeatedly asked Defendant Cooper to allow Plaintiff to go to Church and to have access to recreation, the law library and television as other inmates did, Defendant Cooper was hostile and refused. This inhumane treatment by Defendant Cooper violated Plaintiff's Constitutional rights under 14th Amendment to the United States Constitution, Article II, § 9 of the Oklahoma Constitution and the Americans with Disabilities Act, 42 USCA § 2132.

13. **Escalation of retaliation by Defendant Cooper.**  After Plaintiff began filing grievances from the solitary cell, Defendant Cooper escalated the retaliation by moving Plaintiff to a dry/camera cell from April 1 to April 13, 2017 that had no running water or toilet and the lights were left on 24 hours a day.   Not only as plaintiff forced to eat on the floor in this cell, but he was also forced to beg staff for drinking water through the crack in the bottom of the cell door and for them to flush his toilet, which the nurses often refused to do.  Plaintiff was unable to wash properly after using the bathroom and before eating, subjecting Plaintiff to tortuous and inhumane treatment in contravention of the 14th amendment to the United States Constitution and Article II, § 7 and § 9 of the Oklahoma Constitution.  It was only after two attorneys came and visited Plaintiff at that cell, MJ Denman and Alfred "Kent" Morlan, and complained about the inhumane treatment of Plaintiff, that Defendant Cooper moved Plaintiff back into the other solitary cell that had running water and toilet.

14. **Cumulative deliberate indifference to serious medical need through state law violations.** Defendant Cooper is also responsible for his medical negligence in refusing to provide a written treatment plan, for failing to properly maintain medical records and for his gross and repeated negligence. See Oklahoma Admin. Code 435:10-7-11(2), (6); 435:10-7-4(15), (18), (36) and (41) and 59 O.S. § 509 (19).   Plaintiff repeatedly submitted written requests to Defendant Cooper and others throughout the period from December 30, 2016 through May 11, 2017, seeking a definitive plan of treatment for his serious medical need.  Such a plan is in fact mandated by Oklahoma Admin. Code 435:10-7-11(2), yet Defendant Cooper became hostile and refused to provide a definitive written plan, even stating that the reason he would not do so was because "then you'll ask me to do what I put in there." All of these violations of state laws and codes contributed to the deliberate indifference to plaintiff's serious medical need in contravention of the 14th Amendment to the United States Constitution and Article II, § 7 and § 9 of the Oklahoma Constitution.

15. **HIPAA, doctor-patient privilege violations and privacy violations.** Irrespective of Defendant Regalado's duties, Defendant Cooper is also responsible for the dissemination of Plaintiff's medical records to nonmedical Sheriff's Department personnel in violation of 42 USC § 1320d, 43A Okl. St. Ann. § 1-109(A) (3) and for breaching the physician-patient privilege pursuant to 12 O.S. § 385(6) and 12 O.S.  § 2503(B). Defendant Cooper also has a duty pursuant to Oklahoma law to maintain proper medical records. Oklahoma Admin. Code 435: 10-7-11(6).

He also has a duty to maintain confidentiality pursuant to 43A O.S. § 1-109 (B). Although plaintiff complained to Defendant Cooper repeatedly that his private medical grievances should be maintained within the context of the doctor-patient privilege and asked him to not allow nonmedical staff to have access to his medical records, Defendant Cooper refused to maintain the privilege and continued to allow Plaintiff's medical grievances and records to be maintained and disseminated by nonmedical jail staff. These multiple violations state a claim under HIPAA and constitutional claims for privacy violations protected under the 4th Amendment. This is also a due process violation under the 5th, 11th and 14th Amendments, as well as Article II, § 7 and § 9 of the Oklahoma Constitution.

## IV. DEFENDANT TURN KEY HEALTH CLINIC

16. Defendant Turn Key Health Clinics is the health care provider that employs Defendant, Dr. William Cooper, and contracts with Defendant Sheriff, Vic Regalado to provide medical care for DLMCJC prisoners. Defendant Turn Key Health Clinics is directly responsible for the policies, practices and procedures within the medical department and for the actions of their employee, Defendant Cooper. Defendant Turn Key employs several of the nurses and medical staff that were employed by the previous medical provider that have been repeatedly found to be deliberately indifferent[4] (and, in fact, criminal[5]) as stated above. Defendant Turn Key also had personal knowledge of the deliberate indifference to Plaintiff's serious medical need through Plaintiff's numerous complaints and correspondences directed to their OKC offices dated February 21, 2017, February 27, 2017 March 1, 2017 and March 21, 2017, yet they never answered or took any measure to rectify the inhumane treatment of Plaintiff. (These correspondences detailed the constitutional violations, with authorities cited, and also listed the state laws and Administrative Codes that Defendant Cooper was violating). Defendant Turn Key is accordingly liable for the deliberate indifference to Plaintiff's serious medical need in all aspects and for the actions of

---

[4] In this aspect, the provider "name game" continues. Although the new name of the medical provider is "Turn Key Health Clinics", the "prevailing attitude of indifference to inmates' medical needs" has not. Many of the medical staff have remained and those that are new are speedily indoctrinated into the system of indifference as Plaintiff witnessed in his three month stay in the medical unit where he was tortured by being denied drinking water, was yelled at by nurses for asking for the basic necessity of drinking water, was threatened to have his pain medications taken away, had his pain medications withheld on numerous occasions, had the lights left on bright 24 hours a day and countless other acts of outright cruelty and inhumanity.

[5] For altering records during audits, lying during investigations, having sex with prisoners and other atrocities well documented in the cases cited before this Honorable Court.

Defendant Cooper in retaliating against Plaintiff and placing him in solitary confinement in contravention of the Americans with Disabilities Act, 42 USCA § 2132, the 1st 5th and 14th Amendments to the United States Constitution and Article II, § 7 and § 9 of the Oklahoma Constitution.

## V.  DEFENDANT UNKNOWN CLASSIFICATIONS OFFICER # 1

17.  Defendant Unknown Classifications Officer # 1 is responsible for ordering Plaintiff to a top bunk when Plaintiff had a medical restriction in record with his office. On December 22, 2016 in violation of the medical restriction and in deliberate indifference to Plaintiff's serious medical need, said Classifications Officer ordered Plaintiff moved to a top bunk.  As the Classifications Officer, he or she was obligated to know that Plaintiff had a medical restriction within the jail computer system.  This is in fact part of the procedure within the jail and the very reason that the medical department places the restriction within the computer system.  This order for Plaintiff to a top bunk was the direct cause of the fall and injury on December 24, 2016.  Defendant Unknown Classifications Officer #1 is therefore liable for deliberate indifference to Plaintiff's serious medical need in contravention of the 14th Amendment to the United States Constitution and Article II, § 7 and § 9 of the Oklahoma Constitution.

## VI. DEFENDANT ROY HERMAN

18. Defendant Roy Herman is the mail officer at DLMCJC. His duties include collecting the mail from the mailboxes in each unit and depositing the same in the U.S mail.  He also delivers mail to inmates and hand-delivers legal mail.   After Plaintiff began initiating grievances and seeking legal redress, Plaintiff realized that several of his legal correspondences were not being received or answered[6] and asked Defendant Herman for a copy of the legal mail log, which he refused to provide. On January 30, 2017, Plaintiff mailed a mandamus action to the Tulsa County District Court (seeking a writ for access to his medical records).  That action was never received or filed by the Tulsa Court.   On April 20, 2017, after numerous requests regarding the missing mail, Defendant Herman informed Plaintiff that he had "returned" many legal mailings to Plaintiff

---

[6] These include letters to Attorneys seeking assistance, letters to the ACLU, to the Department of Homeland Security's Civil Rights and Civil Liberties Division, the Medical Board, the Department of Health and other entities that have audited the jail's medical department. None were ever answered.

because Plaintiff was not indigent and did not qualify for the postage.  However, Plaintiff was indigent during those periods and he never received any of those "returned" many legal mailings. On April 12, 2017, Plaintiff wrote a letter to the Attorney General of Oklahoma explaining that the medical department and Sheriff were violating the HIPAA laws by disseminating private medical information and asked that the AG begin an investigation pursuant to 42 U.S.C.A. § 1320d, et. seq..   This letter also included an affidavit in support of probable seeking the misdemeanor charges against the medical records custodian, Kathy Pingleton,  for refusing to provide Plaintiff with his medical records pursuant to 76 O.S. § 19 and § 20.  On this same date, Plaintiff also wrote to the Department of Homeland Security's Civil Rights and Civil Liberties Division and to the Clerk of this Honorable Court.  On April 14, 2017, Plaintiff mailed his complaint to the Medical Board, complaining about Defendant Cooper's deliberate indifference to his serious medical needs and multiple violations of state laws and administrative codes. Defendant Herman intentionally intercepted these legal mailings that were listed as outgoing mail by the other mail staff on April 20, 2017[7] and returned them to Plaintiff, refusing to mail them out on April 24, 2017.  On May 2, 2017, Plaintiff attempted to mail his affidavit in support of probable cause[8] to prosecute Defendant Herman for violations of 18 U.S.C.A. § 1701 (Obstruction of Mail, Generally) and 18 U.S.C.A. § 1702 (Obstruction of Correspondence) and 18 U.S.C.A. § 1703 (Delay or Destruction of Mail or Newspapers) to the United States Attorney but this mailing was also withheld from going out by Defendant Herman and was never returned to Plaintiff.  Defendant Herman is therefore liable for interfering with Plaintiff's right to access the courts and to redress grievances in contravention of the 1st, 5th, and 14th Amendments to the United States Constitution in addition to his criminal acts, and for violating Oklahoma Administrative Code 310:670-5-9(7) (which obligates him to collect, send out and deliver mail on a *daily* basis except Sundays and Holidays, making his withholding outgoing legal mail for over two weeks inexcusable).

## DAMAGES AND JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial and damages in excess of 1 million dollars.

---

[7] A copy of that mail log is attached to Plaintiff's Motion for Emergency Writ Ad Testificandum in this record.
[8] A copy of that Affidavit is attached and incorporated as Attachment 1.

COUNTY OF TULSA,     )
                          )  SS:
STATE OF OKLAHOMA.  )

## AFFIDAVIT IN SUPPORT OF PROBABLE CAUSE

I, Robert Louis Wirtz, Jr., do hereby submit the following facts in  support of probable cause for the prosecution of Roy Herman for the offense of 18 U.S.C.A. § Obstruction of 1701, Obstruction of Mails, Generally; 18 U.S.C.A. § 1702, Obstruction of Correspondence and/or 18 U.S.C.A., § 1703, Delay or Destruction of Mail or Newspapers.

Robert Louis Wirtz, Jr., being duly sworn, deposes and states:

1.  That I have been incarcerated within the Tulsa County Jail, also known as the David L. Moss Criminal Justice Center, 300 N. Denver, Tulsa, Oklahoma 74103 since October 29, 2016.

2.  That in late December, 2016, I fell, injuring my back, resulting in hospitalization.  As a result of this injury and the subsequent lack of proper medical care, I began exhausting my administrative grievance procedures so that I could file a civil rights complaint.

3.  That among these written letters were complaints to the Sheriff, the Board of County Commissioners (my Tort Notice) and letters to the Medical Board and Turn Key Health, the medical corporation that provides care at this jail.

2.  That Roy Herman is the mail room officer at this jail.  His duties include picking up the mail from the mailbox in each unit and depositing the same in the U.S. Mail.  He also delivers mail to inmates and hand delivers legal mail.

3.  That after receiving no response to my many legal missives, in mid-March, 2017 I asked Mr. Herman for a copy of the legal mail log so that I could have proof that I had mailed the same on a date certain.  He stated that he would provide a copy but did not do so.

4.  That because he refused to provide a copy of the log, I began keeping my own log of legal mail.  At least three letters that I mailed to my defense counsel, Mr. MJ Denman, were never received by him in late March and early April, 2017.

*ATTACHMENT 1*

*( 1 OF 5 )*

(Wirtz Affidavit in Support of Probable Cause, page 2 of 5).

5. That in the course of legal research for my civil rights complaint; I discovered numerous lawsuits against the jail that were published. Because I was (and remain at this moment) confined in the medical unit[1], I became greatly concerned when I learned of the recent history of this unit that included deaths, rapes, and corruption (to include the nurses having sex with inmates in a back room[2] and where nurses were "routinely" asked to destroy, alter or fabricate records and evidence even by the head Sheriff himself[3]). Out of this concern, on April 7, 2017, I wrote the Honorable John E. Dowdell. That letter resulted in Case No. 17-CV-197-CVE-TLW.

6. That On April 12, 2017, I wrote a letter to the Attorney General of Oklahoma, explaining that the medical staff here were violating the HIPAA laws by disseminating my private medical information (as well as every other prisoners') and asked him to initiate an investigation pursuant to 42 U.S.C.A. 1302d, et seq. This letter also included an affidavit in support of probable cause for misdemeanor charges for the medical records' custodian, Kathy Pingleton, refusing to provide access to my medical records in violation of 76 O.S. §19 and §20. Included within this letter and affidavit were copies of my prior efforts over the months; letters to the Medical Board, Turn Key Health, the Sheriff and the Board of County Commissioners.

7. That on April 12, 2017, I sent a letter to the Civil Rights and Civil Liberties Division of the Department of Homeland Security, asking for their intervention into the continued violations of the medical department. They had previously audited and found the medical department here in violation of numerous codes, regulations and constitutional rights as is also discussed in the Williams Order in FN 3, infra. Included within this letter were also copies of my prior efforts over the months; letters to the Medical Board, Turn Key Health, the Sheriff and the Board of County Commissioners.

---

[1] In retaliation for my civil suit, No. 17-CV-197-CVE-TLW, Northern District, Oklahoma and the exhaustion of remedies that put them on notice, sparking the retaliation.

[2] Henderson v. Glanz, No. 12-CV-68-JED-FHM, June 23, 20142014 WL 2815742

[3] William v. Glanz, No 11-CV-720-JED-PJC, order dated July 20, 2016, 2016 WL 3951364 where whistleblower Nurse, Tammy Harnigton and Medical Records Custodian, Elandia Diane Maloy testified as to these facts.

(2 OF 5)

(Wirtz Affidavit in Support of Probable Cause, page 3 of 5).

8. That on April 12, 2017, I wrote a letter to the Clerk of the District Court of the Northern District of Oklahoma, asking for copies of records.

9. That on April 14, 2017, I mailed my complaint to the Medical Board of Oklahoma, complaining about Dr. William Cooper's deliberate indifference to my serious medical needs and violations of numerous statutes, Administrative Codes, and Codes of Professional Conduct.

10. That each if these four letters were addressed with the recipient's current valid address and was sealed by myself and deposited within the medical mailbox.

11. That Oklahoma  Administrative Code 310:670-5-9(7) states:  "Outgoing prisoner mail shall be collected and sent daily except Sundays and Holidays  and incoming mail shall be delivered to prisoners within twenty-four (24) hours of its arrival at the facility."

12. That there are additional letters that I mailed on the 7th of April, such as to the National Commission on Correctional Health Care, that I have never heard back from as well.

13. That the very day after I mailed my civil rights complaint, April 24, 2017, (which included the claim that Mr. Herman was withholding, delaying or destroying my legal mail), Mr. Herman returned to me the four envelopes, above-listed. Each has large bold red letter across the front that state "REFUSED" and a sticker that states that "you were no longer indigent[4] as of April 15, 2017."[5]

---

[4] The indigent policy states that if a prisoner did not have any money on his account for the 30 days preceding, he is placed on the indigent list and the facility will pay the postage.  I was indigent until April 15th.  Even if a prisoner is not on the indigent list, if he has legal mail that needs to be posted, the facility is "supposed" to mail it out and bill the inmate's account so that that money is recouped upon the next deposit into his account.  Unfortunately, as with the legal mail log policy – where the log is only kept at whim and there is not set rule – this policy is at the discretion of Mr. Herman.

[5] This raises several questions: Even if I was not indigent as of April 15, 2017, why did he hold these letters for ten more days, until giving them back to me on April 25th?  The policy says within 24 hours they must be delivered if it is incoming and that it should go out the same day I post them, which raises the next question: These were placed in the mail by me on April 12th and 14th respectively.  If the policy had been followed, they would have been mailed out before the 15th passed.  Why were they not posted?  Why were they held for ten more days before being

(Wirtz Affidavit in Support of Probable Cause, page 4 of 5).

14. That on April 25, 2017, I submitted to Mr. Herman a Request to Staff, asking him why the mail had been held for two weeks and explaining that I had posted them before my indigent status changed. I also explained that these were, obviously, legal matters and had to go out, asking him to let me put them in new envelopes. He replied by stating that he had only picked them up from the medical unit's mail box the day before, April 24, 2017.[6]

15. That this is directly refuted by the evidence of the mail log itself, which I received a copy of on April 20, 2017, printed for me by DO Beeler, who also works in the mail room. This log shows that DO Beeler deposited each of these in the outgoing legal mail on April 19, 2017. A copy of this log was mailed to the Court Clerk on April 28th, 2017, along with a copy of the Request to Staff, as Exhibits in support of my Ex Parte Motion for TRO in No. 17-CV-197-CVE-TLW. That motion asks the Court to enter its order halting the tampering with, delaying or destruction of my legal mail. Additional copies have been placed in the hands of others for safekeeping.

16. That the facts here make obvious that Mr. Herman took the mail that was posted by DO Beeler in the outgoing mail on April 19th, 2017 and withheld it. It also proves that Mr. Herman has knowingly, willfully and intentionally committed any one or all of the following crimes:

**18 U.S.C.A. §1701. Obstruction of mails generally:** Whoever knowingly and willfully obstructs or retards the passage of the mail, or any carrier or conveyance carrying the mail, shall be fined under this title or imprisoned not more than six months, or both.

**18 U.S.C.A. § 1702. Obstruction of correspondence:** Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined under this title or imprisoned not more than five years, or both.

**18 U.S.C.A. § 1703. Delay or destruction of mail or newspapers; (a)** Whoever, being a Postal Service officer or employee, unlawfully secretes, destroys, detains, delays, or opens any letter,

---

returned to me? The fact that he returned them me the very day after I mailed out the complaint alleging that he was tampering with my mail is also very telling.
[6] He also flatly refused to mail them out and became irate and told me "hell no" when I asked him for copies of the mail log.

(4 OF 5)

(Wirtz Affidavit in Support of Probable Cause, page 5 of 5).

postal card, package, bag, or mail entrusted to him or which shall come into his possession, and which was intended to be conveyed by mail, or carried or delivered by any carrier or other employee of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or the Postal Service, shall be fined under this title or imprisoned not more than five years, or both.
**(b)** Whoever, being a Postal Service officer or employee, improperly detains, delays, or destroys any newspaper, or permits any other person to detain, delay, or destroy the same, or opens, or permits any other person to open, any mail or package of newspapers not directed to the office where he is employed; or
Whoever, without authority, opens, or destroys any mail or package of newspapers not directed to him, shall be fined under this title or imprisoned not more than one year, or both. and willfully obstructs or retards the passage of the mail, or any carrier or conveyance carrying the mail, shall be fined under this title or imprisoned not more than six months, or both.

17.   That I believe that his actions also fall under a federal criminal statute that prohibits the intimidation, harassment of retaliation of someone such as myself because his actions are designed to prevent my civil rights complaints from being heard by the Court.  I am both a victim and witness to his crimes.

18.   That I would therefore ask that an action be brought, charging Mr. Roy Herman with any or all of the above-listed crimes and that he further be restrained from further interference of my legal mail with an order or notice pursuant to 18 U.S.C.A. § 1514. Civil action to restrain harassment of a victim or witness.

19.   That the foregoing facts are true and correct to the very best of my knowledge and belief, under penalty of perjury.

_____ May 2, 2017
Robert Wirtz, Jr. 1228278
David Moss CJC 300 N. Denver
Tulsa, OK 74103

Subscribed and Sworn before me this 2nd day of May, 2017.

_____
NOTARY

My Commission Expires on: _June 10, 2019_

Grechanel M. Wallace
Notary Public in and for
STATE OF OKLAHOMA
Commission #15005514
Expires: June 10, 2019

(5 OF 5)

ROBERT WIRTZ #198927
DCCC 129 CONNER Rd. M-117
HOMINY, OK 74035

Hasler
11/16/2018
US POSTAGE $02.05

ZIP 74035
011D11640292

Post Marked
11/16/18

18 CV 599 JHP - FHM

RECEIVED

NOV 19 2018

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

CLERK OF THE COURT
333 WEST 4TH STREET
TULSA, OK 74103

LEGAL