**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ROBERT WIRTZ, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 18-CV-0599-GKF-FHM |
| ) | |
| **SHERIFF VIC REGALADO, in his** ) | |
| **individual and official capacity; et al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

This matter is before the Court on several motions (Dkts. 68, 76, 77, 78, 95, 107) filed by plaintiff Robert Wirtz, Jr. and one motion (Dkt. 93) filed by defendants Sheriff Vic Regalado and the Board of County Commissioners of Tulsa County (BOCC). All of these motions appear to seek miscellaneous relief related to Wirtz's pending motion for partial summary judgment.[1] For the reasons that follow, the Court denies all six motions for miscellaneous relief.

**I.    Background**

Wirtz brings this action under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-12165. Initially, he claimed that six defendants violated his rights, under federal and state law, while he was incarcerated as a pretrial detainee at the David L. Moss Criminal Justice Center (DLMCJC) in Tulsa, Oklahoma. Dkt. 1, Compl., generally. Five defendants filed dismissal motions. *See* Dkt. 102, Order, at 1-2. After the dismissal motions were fully briefed, but while they were pending, Wirtz moved for partial

---

[1] As further discussed below, Wirtz's motion for partial summary judgment (Dkt. 60) is fully briefed. The Court will address that motion in a separate opinion and order.

summary judgment as to the claims he asserted against three defendants, Sheriff Regalado, Dr. William Cooper and Turn Key Health Clinics, LLC (Turn Key). Dkt. 60, Mot. for Partial Summ. J., at 1. Those three defendants filed responses (Dkts. 69, 72), and Wirtz filed replies (Dkts. 87, 88). Wirtz also filed a separate document entitled "record support for the Court's determination of undisputed facts" (Dkt. 89), with attached exhibits. Regalado, Cooper and Turn Key filed motions (Dkts. 92, 93) to strike Wirtz's "record support," and Wirtz filed responses (Dkts. 94, 97) opposing the motions to strike.

Before Wirtz's motion for partial summary judgment was fully briefed, Wirtz filed the following motions: (1) a "motion for order directing defendants to produce records with response" (Dkt. 68), (2) a motion for extension of time to file a reply to the summary judgment responses (Dkt. 75), (3) a "motion for supervised access to the internet and telephone to investigate" (Dkt. 76), (4) a "motion to stay proceedings until defendants produce selectively withheld medical records in their possession" (Dkt. 77) and (5) a "motion for order to exceed DOC limitations on legal materials" (Dkt. 78). Defendants filed responses (Dkts. 74, 79, 80, 85) opposing several of these motions.

By order (Dkt. 81) filed December 4, 2019, the Court granted Wirtz's motion for additional time to reply to the responses to the motion for partial summary judgment.

All five defendants who sought dismissal of the complaint filed a joint motion (Dkt. 96) on January 9, 2020, seeking a stay of the proceedings pending this Court's rulings on their dismissal motions and on Wirtz's motion for partial summary judgment. Wirtz filed a response (Dkt. 98) opposing defendants' request for a stay. Wirtz also filed a motion (Dkt. 99) asking the Court to schedule a settlement conference.

In an order (Dkt. 102) filed January 22, 2020, the Court directed Wirtz to show cause why the sixth defendant named in the complaint should not be dismissed for failure to effect timely service, denied Wirtz's motion for a settlement conference, and granted the remaining five defendants' request to stay this action pending the Court's rulings on the five dismissal motions and Wirtz's motion for partial summary judgment.

In an opinion and order (Dkt. 104) filed February 10, 2020, the Court granted the dismissal motion filed by defendant Roy Herman, dismissed Herman from this action and dismissed the complaint, in part, as to all claims asserted in Count V. In an opinion and order (Dkt. 105) filed March 2, 2020, the Court dismissed the sixth defendant, Unknown Classifications Officer # 1, from this action based on Wirtz's failure to serve him, and granted in part and denied in part the dismissal motions filed by Sheriff Regalado, the BOCC, Dr. Cooper and Turn Key.

Wirtz filed a notice of change of address (Dkt. 106) and a "motion for Court to direct D.O.C. to provide plaintiff with his legal files, etc." (Dkt. 107) on March 11, 2020. Defendants did not file a response to the motion.

On August 26, 2020, Wirtz, Dr. Cooper and Turn Key filed a joint stipulation of dismissal (Dkt. 112), dismissing with prejudice all claims asserted against Turn Key and Dr. Cooper and dismissing both defendants from this action.

Pursuant to the Court's opinion and order (Dkt. 104) filed February 10, 2020, the Court's opinion and order (Dkt. 105) filed March 2, 2020, and the joint stipulation of dismissal (Dkt. 112) filed August 26, 2020, only the following claims remain: a deliberate-indifference claim against Sheriff Regalado, in his official capacity (Count I) and an ADA claim against Sheriff Regalado, in his official capacity, and the BOCC (Count III).

**II.     Discussion**

    **A.  Motions related to "discovery" (Dkts. 68, 76, 77)**

As just discussed, Wirtz filed several motions seeking various forms of relief before his motion for partial summary judgment was fully briefed. In three of those motions, Wirtz asks this Court to direct defendants to produce certain records with their responses to his motion for partial summary judgment (Dkt. 68), to direct prison officials to allow him "supervised use of the internet and telephone in order to investigate facts" defendants asserted in their responses to his motion for partial summary judgment (Dkt. 76), and to stay proceedings on his motion for partial summary judgment until defendants produce certain documents "essential" to his motion for partial summary judgment so that he can adequately prepare replies to the defendants' responses to his motion (Dkt. 77).

Each of these motions seeks relief that Wirtz claims is necessary to enable him to prepare and submit his replies to the responses to his motion for partial summary judgment. Because Wirtz submitted his replies (Dkts. 87, 88) and a brief in support of those replies (Dkt. 89) on December 26, 2019, the Court denies as moot Wirtz's "motion for order directing defendants to produce records with response" (Dkt. 68), "motion for supervised access to the internet and telephone to investigate" (Dkt. 76), and "motion to stay proceedings until defendants produce selectively withheld medical records in their possession" (Dkt. 77).

    **B.     Motions for injunctive relief (Dkts. 78, 107)**

On November 21, 2019, Wirtz filed a "motion for order to exceed DOC limitations on legal materials" (Dkt. 78). On March 11, 2020, Wirtz filed a "motion for Court to direct D.O.C. to provide plaintiff with his legal files, etc." (Dkt. 107). Defendants did not file a response to either motion.

In the first motion, Wirtz alleges the Oklahoma Department of Corrections (DOC) has a policy limiting inmates to one square foot of space for legal materials, the exhibits to defendants' special report comprise "near 1,000 pages and the DOC limit," and he "cannot effectively litigate this matter without the full record." Dkt. 78, at 1. Based on these allegations, Wirtz asks this Court to direct the DOC to allow him to possess two square feet of legal materials so he can prosecute this case. *Id.*

In the second motion, Wirtz alleges he was transferred to the North Fork Correctional Center (NFCC), on or before March 11, 2020, and placed in the segregated housing unit. Dkt. 107, at 1. He further alleges that NFCC officials refuse to provide him with his legal files, contrary to DOC policy. *Id.* Wirtz states that he needs access to his legal files because he "must continue to learn procedure[s]" for a potential trial and appeal in this case. *Id.* Based on these allegations, Wirtz asks the Court to direct the DOC to provide him "with his legal materials and access to a law library so that he may continue to prepare his case in this matter." *Id.* at 2.

Through these two motions, Wirtz effectively seeks mandatory injunctive relief against a non-party—a specifically "disfavored" type of injunctive relief. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005). Whether disfavored or not, "[b]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). To obtain a preliminary injunction, the moving party must establish "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). And, when a movant seeks a "disfavored" preliminary injunction, the movant "must make a heightened showing of the four

factors" to obtain relief. *Id.* at 1209; *see also Andrews v. Andrews*, 160 F. App'x 798, 800 (10th Cir. 2005) (unpublished)[2] ("While the non-party status of an injunction's target may thus no longer be a conclusive impediment, it nevertheless heightens the hurdle that must be cleared to obtain the injunction: not only must the motion advance considerations satisfying the traditional injunction factors noted above, but those considerations must also constitute the 'appropriate circumstances' . . . to justify issuing an injunction against a non-party"). This heightened standard does not increase the movant's burden of persuasion; rather, it requires a court to "more closely scrutinize[]" whether the movant has satisfied that burden. *Schrier*, 427 F.3d at 1259. Here, Wirtz's conclusory allegations (1) that he lacks sufficient space for legal materials to "effectively litigate this matter," (2) that he needs access to his legal files to learn trial and appellate procedures, and (3) that he lacks access to a law library fail to satisfy any of the four factors under the traditional standard, much less under a heightened standard of scrutiny.

Second, even assuming Wirtz could satisfy the standards for obtaining injunctive relief on the facts alleged (which he cannot), the orders that he seeks would require this Court to direct the DOC to suspend or alter enforcement of its policies regulating the space to be allotted for legal materials, access to legal files for recently transferred inmates held in the segregated housing unit, and access to the law library for inmates in that unit. The U.S. Court of Appeals for the Tenth Circuit has specifically cautioned federal courts not to unnecessarily intervene "in matters involving the administration, control and maintenance by the sovereign states of their penal

---

[2] The Court finds the reasoning from this unpublished decision persuasive and cites it for that reason. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

systems." *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977). Nothing in Wirtz's motions suggests that intervention is appropriate at this point in the proceeding.[3]

For these reasons, the Court denies without prejudice Wirtz's "motion for order to exceed DOC limitations on legal materials" (Dkt. 78) and "motion for Court to direct D.O.C. to provide plaintiff with his legal files, etc." (Dkt. 107). If Wirtz intends to refile his motions for injunctive relief against the DOC, he must address in each motion how he can satisfy each of the four factors for obtaining an injunction and whether he has sought relief through any available administrative channels.

### C. Defendants' motion to strike (Dkt. 93)

Defendants Sheriff Regalado and the BOCC move the Court to strike Wirtz's document entitled "record support for the Court's determination of undisputed facts" (Dkt. 89). Wirtz's "record support" comprises about 45 pages (including "exhibits") and it appears Wirtz intends to use these additional pages as part of his reply to defendants' response to his motion for partial summary judgment. *See* Dkts. 87, 89. Defendants contend Wirtz's "record support" should be stricken because it violates LCvR 7.2(h), a local civil rule that limits reply briefs "to ten (10 pages in length unless otherwise authorized by the Court." Dkt. 93, at 2.

Wirtz filed a response (Dkt. 97) urging the Court to deny defendants' motion. Wirtz also filed a "motion to for leave to exceed page limit or for Court to accept plaintiff's submission of record support for the Court's determination of undisputed facts" (Dkt. 95).

Federal Rule of Civil Procedure 12(f) governs motions to strike "pleadings." Fed. R. Civ. P. 12(f); *Ysais v. N.M. Judicial Standard Comm'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009).

---

[3] Significantly, neither motion identifies relevant DOC regulations. Nor does Wirtz suggest in either motion that he has asked DOC officials to address the alleged impact those regulations have on his ability to prosecute this case.

Wirtz's "record support" which appears to supplement his reply to defendants response to the motion for partial summary judgment is not a "pleading" recognized under Fed. R. Civ. P. 7(a). Nevertheless, a court has discretion to strike any filing that is not permitted under local rules. *Ysais*, 616 F. Supp. 2d at 1184. But the Court rejects defendants' argument that Wirtz's purported failure to comply with LCvR 7.2(h) supports their request to strike Wirtz's "record support." Significantly, LCvR 7.2 generally governs motion practice, while LCvR 56.1 specifically governs summary judgment procedures. Thus, in moving for partial summary judgment and in filing his reply, Wirtz was required to comply with Fed. R. Civ. P. 56 and LCvR 56.1. With due consideration for Wirtz's pro se status, the Court finds that his reply, as supplemented by his "record support," substantially complies with Rule 56 and LCvR 56.1.[4]

The Court therefore denies defendants' motion to strike (Dkt. 93) and denies as moot Wirtz's "motion to for leave to exceed page limit or for Court to accept plaintiff's submission of record support for the Court's determination of undisputed facts" (Dkt. 95).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Wirtz's "motion for order directing defendants to produce records with response" (Dkt. 68), "motion for supervised access to the internet and telephone to investigate" (Dkt. 76), and "motion to stay proceedings until defendants produce selectively withheld medical records in their possession" (Dkt. 77) are **denied as moot**.

---

[4] The Court recognizes that the leniency a court must apply in construing pleadings drafted by a pro se litigant does not relieve a pro se litigant from compliance with the Federal Rules of Civil Procedure or this court's Local Civil Rules. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009); *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). But, as stated, the Court finds that Wirtz's filings relevant to his summary judgment motion, liberally construed, substantially comply with the applicable rules.

2. Wirtz's "motion for order to exceed DOC limitations on legal materials" (Dkt. 78) and "motion for Court to direct D.O.C. to provide plaintiff with his legal files, etc." (Dkt. 107) are **denied without prejudice**.

3. Defendants' motion to strike (Dkt. 93) is **denied**.

4. Wirtz's "motion to for leave to exceed page limit or for Court to accept plaintiff's submission of record support for the Court's determination of undisputed facts" (Dkt. 95) is **denied as moot**.

**DATED** this 23rd day of September 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE